UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SCOTT ERIC LUELLEN,

              Plaintiff,

      v.

JOE DEAN HODGE,

              Defendant.

DECISION & ORDER

11-CV-6144P

---

Plaintiff Scott Eric Luellen ("Luellen") has commenced the instant action alleging that defendant Joe Dean Hodge ("Hodge"), Luellen's ex-father-in-law, conspired with Luellen's ex-wife to open a bank account to hide her assets while the couple was negotiating a divorce settlement. (Docket # 1). According to Luellen, he would not have entered into the same financial settlement had his ex-wife disclosed the assets contained in the bank account her father maintained. (*Id*. at ¶ 90). Luellen has asserted claims of wire fraud, claims under the Racketeer Influenced and Corrupt Organizations statute, 18 U.S.C. §§ 1962, 1964, and various other state law claims. (Docket # 1). Pursuant to 28 U.S.C. § 636(c), the parties have consented to have a United States magistrate judge conduct all further proceedings in this case, including the entry of final judgment. (Docket # 20).

Currently pending before this Court is Luellen's motion for partial summary judgment and to strike paragraphs 16 through 19 of Hodge's answer. (Docket # 16). In addition, Luellen has moved for a default judgment. (Docket # 45). I address the motion for default judgment first.

Luellen has moved to strike the answer as untimely and for a default judgment. (Docket # 45). Specifically, Luellen contends that Hodge's answer was sixteen days late. (*Id*.). This Court previously denied Luellen's motion for a default judgment made on the same grounds.[1] (Docket ## 31, 40). Accordingly, the instant motion must be denied as moot.

I turn next to Luellen's motion for partial summary judgment. Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). If the movant demonstrates that there is no "genuine dispute as to any material fact" regarding that claim and the movant is entitled to judgment as a matter of law, the court shall grant summary judgment. *Id*. As the Second Circuit has explained:

> [T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution . . . . [I]t must be kept in mind that only by reference to the substantive law can it be determined whether a disputed fact is material to the resolution of the dispute.

*Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

Here, based on allegations asserted in Hodge's answer that Luellen contends are admissions, Luellen seeks a judgment that:

> (1) Mr. Hodge opened a bank account at PNC Bank in December 2004 in his name to hold Ms. Hodge's money; (2) Mr. Hodge maintained that account until at least September 2007; (3) Mr. Hodge opened a "joint" account with Ms. Hodge in September

---

[1] This Court's earlier decision and order denying Luellen's motion for default was entered on December 12, 2011. (Docket # 40). The instant motion for default judgment was filed on December 12, 2011. (Docket # 45). Luellen thus must have mailed his second motion for default judgment before learning that the Court had denied his earlier motion.

        2007; and, (4) the purpose of the original account was to hide the assets of Ms. Hodge.

(Docket # 16 at 4).

      Essentially, Luellen seeks a judicial finding of fact. Whether the facts are genuinely in dispute or not, however, Luellen has not identified the claims to which he contends these facts are material, leaving the Court to guess the claims, if any, on which Luellen believes he is entitled to judgment as a matter of law. Accordingly, Luellen's motion for partial summary judgment is denied without prejudice.[2] Any subsequent motion for summary judgment must identify the claims on which he believes he is entitled to judgment as a matter of law and the purportedly undisputed facts relevant to those claims.

      I turn next to Luellen's motion to strike paragraphs 16 through 19 of Hodge's answer. A review of the relevant paragraphs reveals that they relate to Hodge's assertions that Luellen's suit violates Rule 11 of the Federal Rules of Civil Procedure. (Docket # 9 at ¶¶ 16-19). Specifically, Hodge alleges that Luellen has brought frivolous and expensive litigations in other jurisdictions. (*Id*.). Luellen contends that Hodge's assertions "are negligent misrepresentations at best and a fraud upon this Court at worst" and explains, unsupported by any sworn statements, why he believes Hodge's allegations are false. (Docket # 16 at 2-3).

      Rule 8(c) of the Federal Rules of Civil Procedure governs the pleading of affirmative defenses. "Affirmative defenses are...subject to the general pleading requirements of Rules 8(a) [and] 8(e) . . . , generally requiring only a short and plain statement of the facts."

---

[2] For the same reasons, this Court also denies Luellen's request in his reply for a finding of fact that Hodge "[p]lanned and traveled from New York to Virginia and set up at least one proxy bank account in his name that stored assets belonging to his daughter; [and,] (2) the purpose of the account(s) was to hide assets from third parties." (Docket # 19 at 4).

3

*Saratoga Harness Racing, Inc. v. Veneglia*, 1997 WL 135946, *6 (N.D.N.Y. 1997) (quoting *Instituto Nacional De Comercializacion Agricola v. Continental Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983)).

        Here, Hodge has asserted that Luellen's complaint violates Rule 11 of the Federal Rule of Civil Procedure and has included factual allegations in support of that assertion. Specifically, Hodge claims that Luellen has engaged in harassing and frivolous litigation in other jurisdictions. (Docket # 9 at ¶¶ 16-19). While such an affirmative defense is unusual, it notifies Luellen of Hodge's "intention to prove that this matter is legally frivolous and brought for an improper purpose." *Book v. Moulton*, 2005 WL 3307361, *1 (N.D.N.Y. 2005) (denying motion to strike affirmative defense based on Rule 11). Whether Hodge's factual assertions are sufficient to support a finding the Luellen has violated Rule 11 is a question for another day. Today, I deny Luellen's motion to strike on the ground that Hodge's affirmative defense satisfies the general pleading requirements under Rule 8.[3]

        Finally, Luellen has also moved to expedite this Court's decision on the motions discussed above, which I deny as moot. (Docket # 46).

## CONCLUSION

        For the reasons stated above, plaintiff's motion to strike and for partial summary judgment **(Docket # 16)** is **DENIED**. In addition, plaintiff's motion to strike the answer and for

---

[3] Luellen's motion also seeks denial of Hodge's motion to dismiss. The language in Hodge's answer seeking dismissal of Luellen's complaint does not constitute a motion, however, and none has been filed by Hodge.

default **(Docket # 45)** is **DENIED as MOOT**.  Finally, plaintiff's motion to expedite **(Docket # 46)** is **DENIED as MOOT**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March   21  , 2012